IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN EDWARD PRESTON, | § | |
| TDCJ-CID NO.459126, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-4365 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Brian Edward Preston, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry No.1). Respondent has filed an answer, in which he moves the Court to deny petitioner's claims and dismiss the petition with prejudice. (Docket Entry No.16). Petitioner has filed a response to Respondent's Answer (Docket Entry No.17), a motion for summary judgment (Docket Entry No.18), and a request for an expedited hearing. (Docket Entry No.21). For the reasons to follow, the Court will grant Respondent's motion to dismiss, deny petitioner's motions for summary judgment and for an expedited hearing, and dismiss this habeas action with prejudice.

BACKGROUND

On June 5, 1987, petitioner entered a plea of guilty to murder, which he committed on or about January 28, 1987. (Docket Entry No.14-12, page 15). Following a pre-sentence investigation, a judge in the 230th Criminal District Court of Harris County, Texas accepted the plea in cause number 468249 and sentenced petitioner to sixty years confinement in

TDCJ-CID. (*Id,* page 33). Petitioner does not challenge his conviction but the execution of his sentence.

Petitioner claims that he was incarcerated for twenty years and eleven months before he was released to mandatory supervision parole on December 27, 2007. (Docket Entries No.1, page 6; No.14-25, page 35). On August 14, 2009, mandatory supervision parole was revoked. (Docket Entry No.16-1, page 3). On January 29, 2010, petitioner sought state habeas relief from the revocation of parole on the following grounds:

1. His rights under the Due Process Clause and Due Course of Law Clause were violated by state officials who held him past his mandatory supervision release date of December 27, 2007, when he failed to conform to terms of release in the void mandatory supervision contract; and,

2. Hearing Officer Diane Corona violated his liberty interest in release to mandatory supervision parole at the revocation hearing on August 3, 2009, by accepting inaccurate evidence, *i.e.*, an affidavit stating that petitioner had signed the mandatory supervision contract, which she used to revoke his parole.

(Docket Entry No.14-25, pages 7-14). The state district court, sitting as a habeas court, entered the following Findings of Fact and Conclusions of Law on March 10, 2010:

1. The court finds that Applicant admits that he was timely released to mandatory supervision in the instant case.

2. The court further finds that Applicant's claim that he was not timely released to mandatory supervision is without merit due to Applicant's own admissions.

3. Because the law affords Applicant a remedy by administrative review, Applicant may not challenge the sufficiency of the evidence supporting the revocation of his mandatory supervised release in the instant habeas proceeding. [citations omitted].

4. In all things, Applicant has failed to demonstrate that his conviction was improperly obtained or that he is being improperly confined.

(*Id.*, pages 55-56). The state district court recommended that relief be denied. (*Id.*, page 56). The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on May 19, 2010. (*Id.*, page 2).

Petitioner executed the present federal habeas petition on October 29, 2010. (Docket Entry No.1, page 13). He seeks federal habeas relief on the following grounds:

1. Petitioner was subjected to a void mandatory supervision contract, which he did not sign or agree to, that imposed special conditions on the terms of his release, *i.e.*, electronic monitoring and home confinement. Such conditions infringe on his liberty interest in his release to mandatory supervision and are punitive in nature.

2. Following the revocation of his release to mandatory supervision parole under the void contract, Respondent withdrew thirty-nine years of petitioner's good time credit that he had accrued before his release, thus extending his judicially imposed sentence in violation of the Separation of Powers Clause and holding him beyond his minimum discharge date of December 26, 2007, in violation of Article 42.12, § 15(c) of the Texas Code of Criminal Procedure. Petitioner maintains that such acts also violate the Administrative Procedure Action, 5 U.S.C. § 706, and the All Writs Act, 28 U.S.C. § 1651.

(Docket Entry No.1, pages 1-4).

## DISCUSSION

Title 28 U.S.C. § 2254 authorizes a district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The court may not grant relief on any claim that was adjudicated in state court proceedings unless the adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in state court. 28

3

U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court reaches a conclusion opposite to a decision reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). An application of clearly established federal law is unreasonable if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts. *Id*. In addition, this court must accept as correct any factual determinations made by the state courts unless the petition rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).

## Null and Void Contract

Petitioner's pleadings allege that his release was governed by an invalid contract with special conditions that infringed upon his liberty interest in release to mandatory supervision. (Docket Entry No.1, page 3). Petitioner refused to be released to these conditions and therefore, refused to sign the contract. (*Id.*). He was released and forced to live under these conditions without due process. (*Id.*, pages 3-4). Petitioner contends that Respondent violated his due process rights under the 14th and 5th Amendment by binding him to a void contract without legal authority. (*Id.*, page 4).

Petitioner's release to mandatory supervision parole was not negotiable nor subject to contract law; state law mandated his release. An inmate in Texas, like petitioner, who was eligible for release to mandatory supervision pursuant to the statute in effect prior to September 1, 1997, has a constitutional expectancy of release on mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). When a prisoner, like petitioner, meets the

requirements for release on mandatory supervision, officials have no discretion but to release him. *See Madison v. Parker*, 104 F.3d 765 (5th Cir. 1997). Petitioner does not deny that he was released to mandatory supervision parole.

The terms and conditions to which petitioner was subjected while serving his sentence on mandatory supervision parole were not negotiable nor subject to contract but mandated by state law. Texas requires that state officials provide an inmate released to mandatory supervision with a written statement, *i.e.*, a Certificate of Mandatory Release, "stating in clear and intelligible language the conditions and rules on mandatory supervision. TEX. GOV'T. CODE ANN. § 508.154(c). Petitioner does not deny that the State of Texas provided him with a Certificate of Mandatory Release, setting forth both general and special conditions of release. (Docket Entry No.1-1, pages 1-3).

Unlike inmates released to discretionary parole, inmates released to mandatory supervision parole are not required to accept, sign, or execute a certificate of parole as a precondition of release. *See* TEX. GOV'T. CODE. § 508.154(b). They must, however, be amendable to the conditions of supervision ordered by a parole panel. *Id*. § 508.154(d). Therefore, petitioner's refused to sign the Certificate is of no constitutional moment. By law, his signature was not required; his acceptance of the terms, conditions, and special conditions provided in the Certificate of Mandatory Release, however, was required.

Moreover, petitioner's refusal to sign the Certificate of Mandatory Release had no effect on the state's ability to revoke his release on mandatory supervision parole. State law gave officials the authority to revoke petitioner's release on mandatory supervision, based on any violation of the conditions set forth in the Certificate of Mandatory Supervision. Petitioner

concedes that he participated in a revocation hearing on August 3, 2009. (Docket Entry No.1, page 5). Petitioner admitted to three violations of the conditions of mandatory supervision. (Docket Entry No.16-1, page 3). Petitioner also testified that he had been subjected to three pre-revocation warrants since he had been released. (*Id.*). Revocation, therefore, was warranted. *See United States v. McCormick*, 54 F.3d 214, 219 n. 3 (5th Cir. 1995) (when reviewing decision to revoke supervised release based on several alleged violations, record need only support a violation of a single condition of release in order to be upheld by appellate court); *Frick v. Quinlan*, 631 F.2d 37, 39 (5th Cir. 1980) (same).

Petitioner, therefore, fails to make a substantial showing of the denial of a federal right.

## Special Conditions of Release

Petitioner also complains that the Super Intensive Supervision Program ("SISP") conditions imposed the Board of Pardons and Paroles, *i.e.,* home confinement and electronic monitoring, violated his liberty interest in mandatory supervision release and constituted punishment. (Docket Entry No.1, page 6). The due process rights of prisoners are generally limited to freedom of restraint which "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). There is nothing "atypical" about requiring someone convicted of a murder to wear an electronic monitor and to be subjected to home confinement while on mandatory supervised release. *See Charles v. Rodriguez*, 112 Fed. App'x 332, 334 (5th Cir. 2004) (unpublished) (finding that parolee's "limited confinement in furtherance of a condition of his mandatory supervision did not rise to the level of a constitutional violation). The Texas Legislature has authorized the

Texas Department of Pardons and Paroles to impose such conditions on inmates subject to release on parole or mandatory supervision. Texas law requires that the department establish a program to provide super-intensive supervision to inmates released on parole or mandatory supervision and determined by parole panels to require super-intensive supervision. The program must provide the highest level of supervision provided by the department. TEX. GOV'T CODE ANN. § 508.317. Among the conditions a parole panel may impose are electronic monitoring and "any condition that a court may impose on a defendant placed on community supervision[.]" *Id*. § 508.221. In fact, the law in effect at the time petitioner committed the murder offense authorized the parole board to "adopt such other reasonable rules not inconsistent with law as it may deem proper or necessary with respect to the eligibility of prisoners for parole and mandatory supervision, the conduct of parole and mandatory supervision hearings, or *conditions to be imposed upon parolees and persons released to mandatory supervision* [.]" *Swope v. State*, 723 S.W.2d 216, 229 (Tex. App.—Austin 1986) (quoting TEX. CODE CRIM. PROC. art. 42.12, § 15(g) (Vernon 1986) (since repealed) (emphasis added)), *aff'd* 805 S.W.2d 442 (Tex. Crim. App. 1991).

Furthermore, the intent of this law is not punitive. As the Texas Legislature noted:

> [T]here is a compelling state interest in placing inmates released on parole and mandatory supervision under the kind of supervision that will best protect public safety. The level of supervision of inmates released from the Texas Department of Criminal Justice should be appropriate based on their likelihood of committing new offenses, the nature of their original offenses, their performance in prison programs designed to rehabilitate inmates, and any other factor deemed by a parole panel to be relevant to their status.
>
> The legislature [also] finds that there is a need for a program of intensive supervision of certain inmates whose histories indicate a propensity for

>violence. Regardless of whether an inmate's instant offense is a violent offense, there is a need for careful evaluation and review of each inmate released from prison to determine the need for supervision of the inmate.

*Rollins v. Quarterman*, Civil Action No.3:06-1055-K, 2007 WL 465304 at *3 (N.D. Tex. Feb. 12, 2007) (quoting TEX. GOV'T CODE ANN. § 508.317, notes). A "law serving nonpunitive goals 'is not punishment, even though it may bear harshly on one affected.'" *Flemming v. Nestor*, 363 U.S. 603, 614 (1960).

<u>False Testimony</u>

Petitioner further seeks federal habeas relief and moves for summary judgment on the ground that his release to mandatory supervision was revoked based on false testimony that he had signed the contract. (Docket Entries No.1, pages 6-8, No.18). The hearing record reflects that petitioner objected to the affidavit sworn by Rudi Martinez, the state officer who maintained such record, because Martinez attested that petitioner had signed the Certificate; the objection was overruled and the affidavit was accepted as evidence.[1] (Docket Entry No.16-1, page 6).

The fact that Martinez attested to a fact that was clearly incorrect is of no constitutional moment and had no bearing on the validity or enforceability of the Certificate of Mandatory Supervision or on whether petitioner violated the terms and conditions of his mandatory supervision release because the issue was immaterial. Petitioner did not have to sign the Certificate of Supervision, the terms and conditions of release were not negotiable or contractural but mandated by state law; petitioner was subject to such terms and conditions regardless of his agreement or acceptance of the same. Petitioner was afforded a hearing; therefore, he suffered no due process violation by the acceptance of such affidavit.

---

[1] In such affidavit, Martinez attested to the records kept by the Parole Division, which included the Certificate of Mandatory Supervision "signed by PRESTON on 12-27-2007, showing his/her agreement to abide by the rules and conditions of the contract listed thereon; to show he/she is on MANDATORY SUPERVISION, subject to said rules." (Docket Entry No.1-3, page 2).

8

Moreover, the revocation hearing did not violate the Administrative Procedure Act of 5 U.S.C. § 706.  The Administrative Procedures Act applies to federal agencies and not state agencies.  *See* 5 U.S.C. § 701(b)(1).

### Forfeiture of Good Time Credit

Petitioner complains that the revocation of thirty-nine years of good time credit, which he forfeited following the revocation of his mandatory supervision parole, violates his rights under the Due Process Clause, Article 42.12, §15(c) of the Texas Code of Criminal Procedure, and illegally extends his sentence in violation of the separation of powers doctrine. (Docket Entry No.1, pages 4, 9-11).

The Constitution does not guarantee an inmate good time credit for satisfactory behavior while in prison.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)).  Texas law has provided that good-time credit earned by inmates is a privilege and not a vested right.  *See Ex parte Henderson*, 645 S.W.2d 469, 472 (Tex. Crim. App. 1983); TEX. REV. CIV. STAT. ANN. art. 6181-1, § 4 (1985); TEX. GOV'T CODE ANN. § 498.003(a) (governing the accrual of good-time credit today).  Under Texas law, such credit may be forfeited, either by violating the TDCJ's rules while in its custody, or by violating the guidelines of a conditional release program.  *Henderson*, 645 at 472.  Moreover, a Texas inmate has no protected liberty interest in the restoration of those forfeited.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1079-80 (5th Cir. 1997).

"[W]hen a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum

9

procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Malchi*, 211 F.3d at 959 (citing *Wolff*, 418 U.S. at 557). As previously discussed, petitioner has not shown that he did not receive a fair hearing after he violated the conditions of his release. Therefore, he fails to show that he has been deprived of due process by the forfeiture of his good time credit. Moreover, without some state-created right to reinstatement of good time credit, petitioner cannot prevail on a due process claim for restoration of his good time credit.

Texas law also provides that the good-time credit an offender accumulates "applies only to eligibility for parole or mandatory supervision . . . and does not otherwise affect an inmate's term [of imprisonment, *i.e*., his sentence]." TEX. GOV'T CODE ANN. § 498.003(a). Therefore, the forfeiture of petitioner's good time credits did not unlawfully extend his sentence beyond the original term imposed by the trial court even though his maximum sentence discharge date may have been extended due to the forfeiture of those credits. *See Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994). Because good time credit applies only to an inmate's *eligibility* for parole or mandatory supervision and not the length of his sentence, petitioner has no basis for challenging the forfeiture of good time credit on double jeopardy grounds. *See Morrision v. Johnson*, 106 F.3d 127, 129 n.1 (5th Cir. 1997) (noting no double jeopardy violation in requiring a parole violator to serve remaining portion of his sentence).

To the extent that petitioner's claim is based on violations of state law, such claim is not a proper basis of federal habeas relief. A state prisoner seeking federal court review of his conviction or sentence under 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Estelle v. McGuire*, 502 U.S. 62, 67–68, (1991)(noting that federal habeas corpus relief

will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented).

Petitioner's separation of powers claim is also without legal merit. The federal doctrine of separation of powers has never been incorporated and is not enforced against the states. *Attwell v. Nichols*, 608 F.2d 228, 230 (5th Cir. 1979); *see also Baca v. Owens*, No. 07-51148, 2008 WL 3380769, at *1 (5th Cir. Aug.7, 2008) (per curiam).

To the extent that petitioner argues that the State illegally extended his sentence by the forfeiture of the good time credits in violation of the Administrative Procedure Act, 5 U.S.C. § 706 and the All Writs Act of 28 U.S.C. § 1651 (Docket Entry No.1, page 4), his argument is frivolous. As previously discussed, the Administrative Procedures Act applies to federal agencies and not state agencies. *See* 5 U.S.C. § 701(b)(1). The All Writs Act, 28 U.S.C. § 1651, is a residual source of authority to issue writs that are not otherwise covered by statute. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996). Here, the primary means for challenging the fact or duration of incarceration as a result of a state court conviction is by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254. Therefore, the All Writs Act is not applicable to this civil action.

In conclusion, the state court's determination that petitioner was not entitled to post conviction relief is not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner has failed to make a substantial showing of the denial of a federal right. Relief must, therefore, be denied.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Therefore, a certificate of appealability from this decision will be denied.

## CONCLUSION

Accordingly, the Court ORDERS the following:

1. Respondent's motion to dismiss (Docket Entry No.16) is GRANTED.

2. Petitioner's motion for summary judgment (Docket Entry No.18) is DENIED.

3. Petitioner's habeas claims are DENIED and this cause of action is DISMISSED, with prejudice.

4. A certificate of appealability is DENIED.

5. Petitioner's motion for an expedited hearing pursuant to 28 U.S.C. §2243 is DENIED. *See Castillo v. Pratt*, 162 F.Supp.2d 575, 576 (N.D. Tex. 2001).

6. All other pending motions are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 4th day of June, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE